**In re ARROW AIR, INC., Debtor.**

**Bankruptcy No. 86–00340–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 17, 1988.

See also, 85 B.R. 886.

David C. Profilet, Weil, Gotshal & Manges, Miami, Fla., for Arrow Air, Inc.

David M. Levine, Tew Jorden & Schulte, Miami, Fla., for Creditors' Committee.

Theresa E. Mitchell, Office of Chief Counsel, I.R.S., Miami, Fla., for respondent.

## MEMORANDUM DECISION AND ORDER DENYING UNITED STATES OF AMERICA'S MOTION TO ALTER AND AMEND

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court for hearing on April 12, 1988 on the United States of America's motion to alter and amend this Court's order dated March 16, 1988 granting the ex parte motion of Arrow Air, Inc. ("Arrow Air"), the reorganized debtor, for authorization to disburse from the Creditors' Fund payment of the claim of the Department of Treasury, Internal Revenue Service. The central facts are not in dispute, leaving only legal issues to be resolved.

On February 11, 1986, Arrow Air filed its voluntary petition for relief under chapter 11, title 11, United States Code. On June 18, 1986, the United States of America, Department of Treasury, Internal Revenue Service ("United States" or "IRS") timely filed a proof of claim in Arrow Air's bankruptcy in the aggregate amount of $125,-669.00 for certain pre-petition, federal excise and withholding taxes and interest and

penalties thereon, asserting priority under 11 U.S.C. § 507(a)(6)[1] for part of the amount claimed.

By order dated April 29, 1987, the Court confirmed Arrow Air's Amended Plan of Reorganization (the "Plan"). The Plan provides with respect to the claim of the IRS, inter alia, that it is not impaired and the allowed amount of the IRS's claim will be paid in cash, in full on the Effective Date of the Plan[2] or as soon thereafter as is feasible. The Plan further provides that Arrow Air would have sixty days from the Effective Date to interpose objections to the allowance of claims of the type filed by the IRS, unless such time was extended by order of this Court. The Court extended to September 30, 1987 the time for Arrow Air to file objections and on September 30, 1987, Arrow Air filed and served an objection to the claim of the IRS. On December 3, 1987, the Court heard Arrow Air's objection to the claim of the IRS and by order dated December 8, 1987 denied the objection without prejudice for failure by Arrow Air to effect proper service on the United States under Bankruptcy Rule 7004.

Thereafter, on February 17, 1988, the IRS amended its proof of claim by filing an amended proof of claim for pre-petition, federal excise and withholding taxes and interest and penalties thereon in the aggregate amount of $92,106.70, asserting secured status under 11 U.S.C. § 506(a) to the extent that the IRS was holding a refund due Arrow Air in the amount of $30,046.97 for the quarter ending December 31, 1986, and priority status under 11 U.S.C. § 507(a)(7) for the balance. The amended proof of claim stated: "For the purposes of section 506(b) of the Bankruptcy Code, post petition interest may be payable." No party in interest has objected to the IRS's amended proof of claim, and therefore the claim is deemed allowed pursuant to 11 U.S.C. § 502(a).

Pursuant to its Plan, Arrow Air sought ex parte an order authorizing it to disburse from the Creditors' Fund established under the Plan payment of the unsecured priority portion of the IRS's claim, $62,059.77. By order dated March 16, 1988, the Court granted Arrow Air's motion, stating: "Arrow Air, Inc. is authorized to disburse from the Creditors' Fund in payment and satisfaction of the Class III Priority Claim of the IRS, claim number 5469, the amount of $62,059.77."

On March 30, 1988, the United States served its Motion to Alter and Amend the Court's March 16, 1988 order authorizing Arrow Air to pay the claim of the IRS, alleging that the payment of the amount permitted would not fully satisfy the claim because the amount did not include "interest due on both the secured and unsecured portions of said claim pursuant to Bankruptcy Code Sections 506(b) and 1129(a)(9)(C), respectively." For the reasons set forth below, I conclude that the IRS is not entitled to post-petition interest on its tax claims and deny the motion of the United States to alter and amend.

## I. TIMBERS PRECLUDES ALLOWANCE OF POST–PETITION INTEREST ON UNDERSECURED CLAIMS.

The United States first argues for post-petition interest under section 506(b). The IRS is holding a refund due Arrow Air in the amount of $30,046.97, which the IRS claims it may offset against its claim for $92,106.70. Under section 506(a), the IRS appears to hold a secured claim, but only "to the extent of the amount subject to setoff." 11 U.S.C. § 506(a).[3] The balance of the claim is an unsecured claim. *Id.* Because the amount of the debt exceeds the amount subject to setoff, the IRS is deemed "undersecured." In *United Savings Ass'n v. Timbers of Inwood Forest*

---

1. The Court presumes the IRS meant to assert priority under 11 U.S.C. § 507(a)(7).

2. The Plan defines "Effective Date of this Plan" as "the First Business Day following twenty days following the Confirmation Date."

3. Although not entirely clear, the refund due Arrow Air may have arisen post-petition and therefore the IRS would not have a right of setoff under 11 U.S.C. § 553 or hold a partially secured claim under 11 U.S.C. § 506(a). Assuming that the IRS is partially secured as it claims, I nevertheless deny it interest.

*Assocs. Ltd.,* —— U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), the United States Supreme Court, relying on section 506(b), recently held that an undersecured creditor is not entitled to interest on its collateral while the automatic stay of section 362 is in place to assure adequate protection under section 362(d)(1). Consequently, under *Timbers,* this Court rejects the United States' first argument. *See also United States v. Ron Pair Enters., Inc.,* 828 F.2d 367 (6th Cir.1987) (debtor not liable for post-petition interest on pre-petition, oversecured federal statutory tax lien because interest payable under 11 U.S.C. § 506(b) is limited to those situations in which the debtor is contractually bound to pay it), *cert. granted,* —— U.S. ——, 108 S.Ct. 1218, 99 L.Ed.2d 420 (1988).

## II. SECTION 1129(a)(9)(C) IS INAPPLICABLE.

### A. SECTION 1129(a)(9)(C) BEARS ON CONFIRMABILITY OF A PLAN, NOT ON ITS ADMINISTRATION.

■ The United States next contends that it is entitled to interest pursuant to section 1129(a)(9)(C). That section reads:

(a) The court shall confirm a plan only if all of the following requirements are met:

.　　.　　　.　　　.　　　.

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that

.　　.　　　.　　　.　　　.

(C) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

The United States asserts that because it was not paid on the Effective Date of the Plan that it is receiving a "deferred cash payment" and therefore is entitled to interest under section 1129(a)(9)(C). However,

the United States made and lost the same argument in *In re Pharmadyne Laboratories, Inc.,* 53 B.R. 517, 522 (Bankr.D.N.J. 1985). In that case, a liquidating plan provided that all administrative expenses would be paid in full from the estate and that tax claims would be paid to the extent funds were available after payment of the administrative expenses and priority wage claims. *Id.* at 518. The debtor sought an order disallowing, among other things, the United States' claim for post-petition interest on pre-petition taxes. Rejecting the United States' argument under section 1129(a)(9)(C), the bankruptcy court stated at 522:

Section 1129[a][9][C] is inapplicable here on several grounds. First, that section does not bear upon how a plan is to be administered, but rather on how a plan must be drawn to be eligible for confirmation. The I.R.S. questions whether the plan is being administered properly where no postconfirmation interest is paid, not whether it was properly drafted and confirmed.

Second, § 1129[a][9][C] only bears upon claims which are to be paid in deferred cash payments. The plan filed by Pharmadyne does not provide for the deferment of payments to the I.R.S. As the I.R.S. has failed to show that postconfirmation interest on Pharmadyne's debt falls within an exception to the general rule against postpetition interest on prepetition debts, the Court finds for Pharmadyne on that issue.

■ Clearly, under *Pharmadyne,* the failure to comply with the requirements of section 1129 is ground for an objection to the confirmation of a plan, but not to the manner in which a plan is administered. Arrow Air's Plan was confirmed almost one year ago without objection by the United States, after notice and a hearing. The Plan does not provide for payment of postconfirmation interest on pre-petition tax debts. Section 1129(a)(9)(C) might have provided the United States a ground to object to confirmation of the Plan last year, but does not now provide it with a basis for

entitlement to post-confirmation interest. *See Pharmadyne*, 53 B.R. at 522.

B. DISTRIBUTIONS TO PRIORITY TAX CLAIMANTS ARE NOT "DEFERRED CASH PAYMENTS" UNDER ARROW AIR'S PLAN.

■ Nor is the United States receiving "deferred cash payments" under Arrow Air's Plan. Paragraph 3.01(c) of the Plan provides that Class III Priority Claims are not impaired under the Plan. The claim of the United States is a Class III Priority Claim. Paragraph 6.06 of the Plan governs the payments to be made pursuant to the Plan and reads in part:

On the Effective Date of the Plan *or as soon thereafter as is feasible*, the Creditors' Fund, exclusive of reserves for Disputed Claims and Pending Claims ... shall be disbursed, subject to the approval of the Bankruptcy Court, by Reorganized Arrow in the following manner and order of priority:

.    .    .    .    .

(b) All Class III Priority Claims shall be satisfied by the payment in cash in full to the holders of such allowed Claims.

Just as in *Pharmadyne*, Arrow Air's Plan does not provide for the deferment of payment to the United States. Two events had to occur before Arrow Air could pay the claim of the United States. First, the Plan had to be funded. Second, the allowed amount of the claims of the United States and other priority and administrative claimants had to be determined.

Although the Plan was funded some time ago, the allowed amount of other priority and administrative claims was unknown until recently, after an extensive analysis of such claims and numerous objections to them over a period of eight to ten months. The claim of the United States was unknown until some time after February 17, 1988 when the United States filed its amended proof of claim. Not long thereafter, Arrow Air sought and obtained permission to pay the allowed amount of the unsecured portion of the IRS's claim, and did in fact pay the claim in the amount of

$62,059.77 on or about April 4, 1988. Arrow Air's payment of the allowed amount of the unsecured portion of the IRS's claim was in full and complete satisfaction of the IRS's allowed claim as required under the Plan. The United States did not receive a "deferred cash payment" within the meaning of 11 U.S.C. § 1129(a)(9)(C) and is not entitled to post-confirmation interest. *See also In re Mason & Dixon Lines, Inc.*, 71 B.R. 300, 302 (Bankr.M.D.N.C.1987) ("deferred cash payments" means "installments" or "periodic payments").

CONCLUSION

In sum, neither section 506(b) nor section 1129(a)(9)(C) supports the United States' claim for post-confirmation interest. The Supreme Court in *Timbers* resolved the question under section 506(b). Section 1129(a)(9)(C) is inapplicable here, *see Pharmadyne*, 53 B.R. 522, and the United States is not receiving a "deferred cash payment," *see id.*

Accordingly, it is

ORDERED that the motion of the United States to alter and amend is denied, the IRS is not entitled to post-petition interest on its claim and the claim of the IRS has been satisfied in full.