In re POTEET CONSTRUCTION CO., INC., Debtor-in-Possession,

Richard E. Poteet, Debtor-in-Possession.

UNITED STATES of America (Internal Revenue Service), Movant,

v.

POTEET CONSTRUCTION CO., INC., Respondent.

UNITED STATES of America (Internal Revenue Service), Movant,

v.

Richard E. POTEET, Respondent.

Bankruptcy Nos. 88–10713, 88–10714.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

July 25, 1990.

Louis Saul and Gail Duffie Stebbins, Augusta, Ga., for debtor-in-possession Poteet Const. Co., Inc. and debtor-in-possession, Richard E. Poteet.

Elizabeth Sullivan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. and Henry S. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., for the U.S.

Columbus Gilmore, Atty. Advisor, Savannah, Ga., for U.S. trustee.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

By motion filed May 16, 1990 in each of the above referenced related Chapter 11 proceedings, the United States of America (hereinafter referred to as "IRS") seeks relief from the orders of confirmation. The facts are uncontroverted and apply equally in each case. Richard E. Poteet (hereinafter "Poteet") is a contractor doing business in Augusta, Georgia and is employed by Poteet Construction Company, Inc. (hereinafter "Poteet Construction"). As referenced above, both Poteet and Poteet Construction are debtors-in-possession in Chapter 11 proceedings.

By amended plans of reorganization filed May 1, 1989 in each case, the debtors proposed to deal with the allowed claims of the IRS. In the Poteet Construction case, as it pertains to the IRS the plan proposed the following:

*Class V.* The Internal Revenue Service shall be known as a Class V. creditor and shall be paid the sum due them over a period of six (6) years, said payments are to be made quarterly sixty (60) days after confirmation.

As it pertains to the allowed claim of the IRS in the Poteet case:

*Class IV.* The Internal Revenue Service shall be known as a Class IV. creditor and shall be paid the sum as allowed by the Court over a period of six (6) years, said payments are to be in accordance with the distribution under the plan of Poteet Construction Company, Inc., and if Poteet Construction Company does not make the payments, then this debtor [Richard E. Poteet] shall make the payments to the Internal Revenue Service, said payments to be made quarterly over a period of six (6) years at the sum set forth in the confirmation order for Poteet Construction Company.

The IRS was classified in each plan as impaired as defined under the Bankruptcy Code. The IRS objected to confirmation and by ballot rejected the plan of reorganization in each case. The debtors objected to the claim of the IRS in each case.

The IRS was represented in this proceeding by United States Justice Department attorneys in Washington, D.C. and Augusta, Georgia. Counsel for the IRS in Washington, D.C. negotiated a settlement of the debtors' objection to claim in each case. Apparently, no settlement was reached as to the IRS' objections to confirmation and rejection of the plans.

At the continued confirmation hearing held February 26, 1990 counsel representing the IRS in Augusta, Georgia appeared and announced a change in the ballot of the IRS from rejection to an acceptance in each case. A hearing on confirmation of the May 1, 1989 amended plan was held. In the Poteet Construction case, by order dated March 2, 1990 and in the Poteet case by order dated March 5, 1990, the May 1, 1989 amended plans of reorganization were confirmed. The IRS now seeks relief from the order of confirmation pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6)[1]

---

1. Federal Rule of Civil Procedure 60(b)(1) and (6) provides in pertinent part:
    (b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect; ...

which rule is made applicable to bankruptcy proceedings through Bankruptcy Rule 9024 (hereinafter referred to as "Rule 60"). The debtors contend that the provisions of Rule 60(b) do not apply to orders of confirmation in a bankruptcy proceeding; and alternatively, if such relief is available, under the facts of this case its application is not warranted.

■ Rule 60(b) is available to relieve a party or a party's legal representative from the affects of an order of confirmation; however, under the facts of this case, the setting aside of the orders of confirmation is not warranted. In opposing the applicability of Rule 60(b) the debtors rely upon the provisions of 11 U.S.C. § 1141(a).[2] The debtors contend that orders confirming a Chapter 11 plan are res judicata as to all questions pertaining to such plan which were raised or could have been raised. *See generally Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *In re: Blanton Smith Corp.*, 81 B.R. 440 (M.D. Tenn.1987); *In re: Sanders*, 81 B.R. 496 (Bankr.W.D.Ark.1987); *In re: St. Louis Freight Lines, Inc.*, 45 B.R. 546 (Bankr.E. D.Mich.1984) (an order confirming a plan is an appealable order which has res judicata effect on all issues that could have been raised regarding the claim; in other words, a party in interest is bound by the terms of a plan when confirmed, even if the plan ultimately provides the holder of the claim with less than to which it is otherwise legally entitled.) Clearly, the IRS as a creditor and the holder of an allowed claim is bound by the terms of these confirmed plans. Rule 60(b) by its terms applies to final judgments, orders or proceedings which are final determinations and res judicata.[3] Rule 60(b) is a vehicle for affording

relief to a party, or a party's legal representative, under the appropriate circumstances from the res judicata effect of an order of confirmation. *See c.f., Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corp.*, 60 B.R. 412 (D.V.I., 1986). *In re: Blanton Smith Corp, supra; Astroglass Boat Co., Inc. v. Eldridge (In re: Astroglass Boat Co., Inc.)* 32 B.R. 538 (Bankr.M.D.Tenn.1983) (once a confirmation order becomes final, the only remedy available is to have the order set aside pursuant to Rule 60).

■ A motion for relief from a judgment or final order under Rule 60(b) "is addressed to the discretion of the court." Wright & Miller, *Federal Practice and Procedure:* Civil § 2857. In the exercise of judicial discretion this court must balance the necessity of liberally construing Rule 60(b) in order that final orders reflect the true merits of a case and the need for preserving the finality of judgments or orders. Wright & Miller, *Federal Practice and Procedure:* Civil § 2852. In reaching this balance the application of the Rule 60 standards presents special problems where a party is seeking to rescind a final order of confirmation rather than some general order of the court. The success of a Chapter 11 reorganization demands finality to the order of confirmation. An order of confirmation affects not only the immediate litigants, the proponent of the plan and the party seeking relief from the order of confirmation, but also all parties in interest to the proceeding. *In re: Astroglass Boat Co., Inc. supra* at 543; *compare, In re: Four Seasons Securities Laws Litigation*, 59 F.R.D. 667 (W.D.Okla., 1973) *rev'd. on other grounds* 502 F.2d 834 (10th Cir.,

---

(6) any other reason justifying relief from the operation of the judgment.

**2.** 11 U.S.C. § 1141(a) provides:
Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan and any creditor, equity security holder, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the

plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

**3.** Res judicata is a rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. *Black's Law Dictionary:* res judicata p. 1174 (5th ed. 1979).

1974) *cert. denied; Ohio v. Arthur Andersen & Co.,* 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974) (special circumstances apply when the final order sought to be set aside was entered in a class action). The party moving to set aside an order of confirmation under Rule 60(b) bears the burden of demonstrating one of the enumerated grounds for relief. *In re: Blanton Smith Corp. supra* at 443–444. The burden of proof requirement extends not only to demonstrate a factual basis to support relief but also that the harm to the movant outweighs the necessity for finality in orders of plan confirmation. While 11 U.S.C. § 1141(a) does not bar the application of Rule 60(b) to orders of confirmation, the inclusion of this provision in the Bankruptcy Code as well as the narrow grounds established under 11 U.S.C. § 1144 [4] for the revocation of an order of confirmation supports a strong presumption in favor of finality.

■ The IRS has failed to meet the burden of proof necessary to overcome the presumption in favor of the confirmation order. The IRS contends that under the general provisions of Rule 60(b)(6) the order of confirmation should be vacated because the order of confirmation violates the provisions of 11 U.S.C. § 1129. The IRS specifically asserts that:

> The confirmed plan does not treat any portion of the tax claim as secured (in derogation of 11 U.S.C. § 1129[b][2][A]); the plan does not provide for present value (that is, payment of interest) on the deferred payment of the priority taxes (in derogation of § 1129[a][9][C]); the plan does not provide that the taxes will be paid within six (6) years of the date of assessment or in equal monthly installments, (in derogation of § 1129[a][9][C] and [b][2][A]), *see also In re: Mason and Dixon Lines, Inc.,* 71 B.R. 300 (Bankr.M.D.N.C.1987), and the plan on its face continues to show the tax claim as Twenty–Seven Thousand and No/100 ($27,000.00) Dollars, disputed, and the IRS as impaired.

Section 1129(a)(9) has not been violated by the provisions of this confirmed plan. At the continued confirmation hearing held February 26, 1990, the legal representative of the IRS appeared and announced a change in the vote of the IRS from rejection to acceptance. Thus, the IRS agreed to a different treatment provided for under § 1129(a)(9)(C).[5] With the change of the ballot from rejection to acceptance the "cram-down" provisions of 11 U.S.C. § 1129(b) are inapplicable [6] since all classes

---

**4.** 11 U.S.C. § 1144 provides:

Revocation of an order of confirmation.
On request of party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring right in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

**5.** 11 U.S.C. § 1129(a)(9)(C) provides:

(a) The court shall confirm a plan only if all of the following requirements are met:

(9) *except to the extent that the holder of a particular claim has agreed to a different treatment of such claim* (emphasis added), the plan provides that—

(C) with respect to a claim of a kind specified in § 507(a)(7) of this title [11], the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding 6 years after the date of assess-

ment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

**6.** 11 U.S.C. § 1129(b)(1) and (b)(2)(A) provides:

(b)(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A) With respect to a class of secured claims, the plan provides—

(i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to

of creditors voting balloted in favor of confirmation. The IRS having agreed to a different treatment, the order of confirmation was not issued in violation of the confirmation requirements of § 1129(a).

■ Under the provisions of Rule 60(b)(1), the IRS has failed to demonstrate mistake, inadvertence, surprise or excusable neglect on the part of its legal representative to warrant relief from the order of confirmation. The IRS contends that its

> failure to prosecute its objection at the confirmation hearing arose from its mistaken impression that negotiations with debtors' counsel concerning the objections to the proofs of claim in this case and the companion case also resolved the objections to the plan of reorganization. The [IRS] was represented by two attorneys from separate offices in the negotiations, and their appears to have been a miscommunication between the attorneys."

In these cases, the amended plan of reorganization was filed May 1, 1989. The provisions of the amended plan relative to the treatment of the IRS was objected to by the IRS, and the claim of the IRS in each case was objected to by the debtors-in-possession. As no further amendments were filed to the proposed plan, the motion of the IRS must be construed as contending that the local counsel for the IRS mistakenly believed that the settlement of the objection to the claim incorporated an IRS agreement to allow its settled claim to be treated in accordance with the pending plan provisions. While the proposed plan provisions did not comply with § 1129(a)(9)(C) nor (b)(2)(A), under § 1129(a)(9), the IRS

could and did agree to a different treatment.

The IRS' counsel at the confirmation hearing was mistaken as to the terms of the settlement reached between co-counsel and the debtors-in-possession over the claim objection; however, the effect of the order of confirmation on the claim of the IRS is not of such special circumstances that the interests of justice warrant disturbing the finality of the order of confirmation. The plan as confirmed is to pay the claim of the IRS in full. The harm to the IRS is that it will not receive interest on its claim and the length of payment is greater than six (6) years from the date of assessment. Additionally, the periodic payment may be different from that preferred by the IRS. However, the IRS agreed to the treatment and other parties in interest were authorized to rely upon the plan as proposed in reaching their respective determinations as to the ballots to be cast on the plan and future dealings with the debtors-in-possession following the issuance of the confirmation orders. Under the facts of this case the minimal adverse affect upon the IRS under the confirmed plan does not overcome the presumption in favor of finality of the order of plan confirmation.

It is therefore ORDERED that the motion of the IRS for relief from the order of confirmation is denied.

---

the extent of the allowed amount of such claims; and

(II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this paragraph; or

(iii) for the realization by such holders of the indubitable equivalent of such claims.