189 B.R. 53 (1995)
In re Arthur L. and Lynne BOROFF.
Civ. No. 2:95-CV-220.
United States District Court, D. Vermont.
November 29, 1995.
*54 John J. Kennelly, Rutland, VT.
Christopher O. Reis, Bethel, VT.
Kevin J. Purcell, Office of U.S. Trustee, Albany, NY.

RULING ON BANKRUPTCY APPEAL

(Paper 3)
MURTHA, Chief Judge.
The instant dispute arises from the bankruptcy of debtors Arthur L. and Lynne Boroff. For the reasons set forth below, judgment of the Bankruptcy Court is AFFIRMED.

I. BACKGROUND
Debtors Arthur L. and Lynne Boroff borrowed money from Vermont National Bank (hereinafter "VNB") under two separate notes. The first loan was secured by a mortgage on debtors' 400 acre home estate, the Advent Hill Farm, located in Hartland, Vermont. See Appellant's Brief at 6 (paper 3). The second note was secured by a mortgage on debtor's Sunrise Condominium property located in Sherburne, Vermont. See Appellant's Brief at 6.
Debtors filed a Chapter 11 petition in April 1994. At the time of filing, debtors owed VNB $571,289.10 on the Advent Hill Farm mortgage and $137,613.05 on the Sunrise Condominium mortgage. See Appellant's Brief at 6.
A reorganization plan was filed December 23, 1994. See First Plan of Liquidation (record 1). The reorganization plan set out six separate classes of creditors. Class II consisted of VNB's Advent Hill Farm claim. Class III consisted of VNB's Sunrise Advent Hill Farm claim. Class III consisted of VNB's Sunrise Condominium claim. See First Plan of Liquidation, Arts. 6.20, 6.40. Class I included taxes owed to the Internal Revenue Service and the State of Vermont; Class III included money owed to debtor's children; Classes IV and V included debts owed to two groups of unsecured creditors.
Under the proposed plan, VNB was to foreclose on the Sunrise Condominium property to satisfy its Class IV claim. See First *55 Plan of Liquidation, Art. 6.40. To satisfy VNB's Class II claim, debtors would sell the Advent Hill Farm. See id. Art. 6.20. In the event debtors could not sell the Farm within a two year marketing period, the mortgage would be reinstated and the debt would be paid in monthly installments over 25 years. See id.
VNB accepted the reorganization plan on the express condition debtors delete the provision allowing reinstatement of the Advent Hill Farm mortgage if they failed to sell the property. See Letter Dated February 10, 1995 (record 11). In place of this provision, VNB insisted debtors insert language requiring full payment of the $571,289.10 debt within the two year marketing period. See id. Debtors modified the reorganization plan to reflect these changes. See Modified First Plan of Liquidation (record 6). The plan was confirmed by the Bankruptcy Court on February 15, 1995. See Order Confirming Chapter 11 Plan (record 7).
On April 21, 1995, debtors filed a motion to modify the confirmed reorganization plan to allow for reinstatement of the Advent Hill Farm mortgage "on terms and conditions that the Court may set after hearing on notice." Motion for Modification of Plan (record 10) ¶ 2. Debtors argued modification was warranted because they "did not understand the terms of the amendment to the Plan immediately prior to confirmation and believe the interest of [VNB] will not be materially affected." Id.
At a hearing conducted on May 10, 1995, Judge Conrad found that the proposed modification of the reorganization plan was not a material change and did not substantially prejudice Vermont National Bank which was an over-secured creditor "and was not being hurt by this in a very real sense." Transcript of Confirmation Hearing, May 10, 1995 (record 16) at 14-15. Judge Conrad granted the modification and denied VNB's request to withdraw its acceptance of the plan after modification. See id.
VNB has appealed to this Court. It argues modification violated 11 U.S.C. § 1127(b) because the plan was substantially consummated and because debtors have not provided adequate justification for modification. VNB also argues if the modification was permissible, the Bankruptcy Court should have allowed it to withdraw acceptance of the reorganization plan according to 11 U.S.C. § 1127(d).

II. DISCUSSION
The Bankruptcy Court's ruling was a judgment in a core proceeding. See 28 U.S.C. § 157(b)(2)(L) (1988). As a result, it may be reviewed by this Court. See 28 U.S.C. § 158(a)(1) (Supp.1995). A district court shall review conclusions of law de novo. See In re Parrotte, 22 F.3d 472, 474 (2d Cir. 1994). However, findings of fact shall not be overturned unless clearly erroneous. Id.

A. Substantial Consummation
Modification of a confirmed reorganization plan is governed by 11 U.S.C. § 1127(b) (1993), which states:
The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation . . . and before substantial consummation of such plan, but may not modify . . . so that such plan . . . fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified . . . becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.
Substantial consummation precludes material modification to a reorganization plan. See In re Stevenson, 138 B.R. 964, 967 (Bankr.D.Idaho 1992). Substantial consummation occurs upon:
(A) transfer of all or substantially all of the property proposed by the plan to be transferred;
(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
(C) commencement of distribution under the plan.
11 U.S.C. § 1101(2)(A)-(C) (1993).
Substantial consummation is a question of fact to be determined upon the circumstances *56 of each case and the evidence provided by the parties. See In re H & L Developers, Inc., 178 B.R. 77, 81 (Bankr. E.D.Pa.1994); In re Charterhouse, Inc., 84 B.R. 147, 152 (Bankr.D.Minn.1988). The standard of review is clear error. See, e.g., In re Bullion Hollow Enterprises, Inc., 185 B.R. 726, 728 (W.D.Va.1995).
The Bankruptcy Court's finding that the reorganization plan had not been substantially consummated is supported by the evidence. The only component of the reorganization plan that had been accomplished prior to April 21, 1995 was foreclosure of the Sunrise Condominium. See Appellant's Brief at 14; Appellees Brief at 7 (paper 4). However, the Advent Hill Farm had not been sold and payments had not been made to the different classes of creditors. See Appellees Brief at 7. In light of these facts, this Court upholds the Bankruptcy Court's decision.

B. Justification
Appellant contends debtors did not provide adequate justification for the Bankruptcy Court to allow modification of the reorganization plan. See Appellant's Brief at 16. At the May 10 hearing, debtors' counsel stated:
As to the justification, if the Court needs to hear that, the debtors are here, they're willing to testify, as the Court is aware, there are . . . frequently harried conversations leading up to confirmation. If you need to hear about it, you'll hear about communications between counsel and misunderstandings between counsel and debtors and, more specifically I think, between the spouses as to exactly what was going to happen.
Transcript of Confirmation Hearing, May 10, 1995 at 12. Debtors argued the changes to the plan were necessary so that they would not have pay VNB one lump payment to satisfy their debt in the event the Advent Hill Farm was not sold. On the other hand, debtors argued VNB's interests would not be adversely affected by the changes as the Bank is over-secured. See Transcript of Confirmation Hearing, May 10, 1995 at 11-12. Judge Conrad found this explanation justified equitable relief. See id. at 14-15.
Courts have held confirmation of a reorganization plan has the effect of a judgment by the court. See DiBerto v. Meadows at Madbury, Inc., 171 B.R. 461, 471 (D.N.H. 1994); In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 463 (6th Cir.1991); In re Emergency Beacon Corp., 48 B.R. 356, 359 (S.D.N.Y.1985). Equitable relief from a confirmed plan is appropriate only if the same circumstances would warrant relief from a judgment. See In re Emergency Beacon Corp., 48 B.R. at 359; Bizzell v. Hemingway, 548 F.2d 505, 507 (4th Cir. 1977).
Bankruptcy Rule 9024 makes Fed. R.Civ.P. 60 applicable in bankruptcy cases. According to Rule 60(b)(1), a court may grant relief from a judgment for an error by a party's counsel "on the theory that such error constitutes mistake, inadvertence, surprise, or excusable neglect." Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir.1986). However, relief from counsel's error is not available where error results from ignorance of the law, inability to manage caseload, or failure to carefully evaluate the legal consequences of a chosen course of action. See id.
A motion for relief from a judgement under Rule 60(b) "is addressed to the discretion of the court." 11 Wright & Miller, Federal Practice & Procedure § 2857 (2d Ed.1995); see Nemaizer v. Baker, 793 F.2d at 61. Appellate review is limited to determining whether the lower court abused its discretion. See id.
"The party moving to set aside an order of confirmation under Rule 60(b) bears the burden of demonstrating one of the enumerated grounds for relief. . . . [and] that the harm to the movant outweighs the necessity for finality in orders of plan confirmation." In re Poteet Construction Co. Inc., 122 B.R. 616, 619 (Bankr.S.D.Ga.1990). Also, the moving party must demonstrate "exceptional circumstances" exist warranting equitable relief. See In re 1115 Third Avenue Rest Corp., 1995 WL 456398 *2 (S.D.N.Y.1995); In re Chipwich, Inc., 64 B.R. 670 (Bankr. S.D.N.Y.1986) (citing Nemaizer v. Baker, 793 F.2d at 61).
*57 Judge Conrad's decision that the circumstances of the case warranted modification is supported by the evidence and was not an abuse of discretion. First, debtors' miscommunication with counsel constituted a mistake justifying relief under Rule 60(b)(1). Second, debtors properly demonstrated the harm from not granting relief outweighed the importance of preserving the finality of the confirmed plan. Debtors showed they bore the sole risk of harm while VNB stood to recover its money regardless of whether the plan was modified. In light of these facts, this Court finds the Bankruptcy Court did not abuse its discretion.

C. Withdrawal of Acceptance
Appellant argues, in the event modification was permissible, the Bankruptcy Court should have allowed VNB to withdraw its acceptance of the plan pursuant to 11 U.S.C. 1127(d). Section 1127(d) provides:
Any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.
However, Fed.R.Bankr.P.Rule 3019 provides that any modification that "does not adversely change the treatment of the claim of any creditor . . . shall be deemed accepted by all creditors . . . who have previously accepted the plan." The 1983 Advisory Committee Note states the Rule applies to post-confirmation modifications:
[Section] 1127 provides for modification before and after confirmation but does not deal with the minor modifications that do not adversely change any rights. [Rule 3019] makes clear that a modification may be made after acceptance of the plan without submission to creditors . . . if their interests are not affected.
Fed.R.Bankr.P.Rule 3019 Advisory Committee's Note (1983). See In re Frontier Airlines, Inc., 93 B.R. 1014, 1023 (Bankr.D.Colo. 1988) ("If the modification adversely affects the interests of a creditor in more than a purely ministerial, de minimis manner, that creditor should have the opportunity to reconsider and change his or her vote."); cf. In re Best Products Co., Inc., 177 B.R. 791, 803 (S.D.N.Y.), aff'd, 68 F.3d 26 (2d Cir.1995) ("The court cannot adopt any modification that materially alters the plan and adversely affects a claimant's treatment.")
The decision of the Bankruptcy Court to deny appellant the opportunity to reconsider its acceptance of the plan is not clearly erroneous. As noted supra, Judge Conrad found VNB's interests would not be adversely affected by the modification. See Transcript of Confirmation Hearing, May 10, 1995 at 14-15. This Court agrees. Modification of the plan did not diminish the security of the Bank. Rather, it lengthened the time in which the debt will be paid. As previously noted, the modification provided, in the event the Advent Hill Farm was not sold within two years, the mortgage would be reinstated instead of being due and payable in full. Because VNB is an over-secured creditor, it could not be hurt by this change. Judge Conrad's decision is not clearly erroneous.

III. CONCLUSION
Judgment of the Bankruptcy Court is AFFIRMED.
SO ORDERED.