### In re MIDLANDS UTILITY, INC., Debtor.

### No. 94–72521–D.

United States Bankruptcy Court, D. South Carolina.

May 1, 2000.

---

Frank Rogers Ellerbe, III. Columbia, SC, Lydia A. Eloff, Robinson McFadden Moore, PC, Columbia, SC, William F. Halligan, Columbia, SC, for Debtor.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon Midlands Utility, Inc.'s ("Debtor") Motion to Reopen Case and to Waive Filing Fee (the "Motion") filed with the Court on December 30, 1999. On February 3, 2000, the Court entered an order denying Debtor's request to waive payment of the reopening fee, and the fee was paid on that same date. Debtor seeks to have the Chapter 11 case reopened for the sole purpose of seeking relief from certain provisions of the Order of Confirmation ("Confirmation Order") entered on February 1, 1995, relating to the rates to be charged to Debtor by the City of Cayce for treatment of sewage waste. The City of Cayce filed an Objection to Motion to Reopen on January 14, 2000, asserting that Debtor should not be entitled as a matter of law to reopen the case to modify certain provisions of the Chapter 11 Plan which has been substantially consummated. Af-

ter considering the pleadings and the arguments of counsel at the hearing on the Motion, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ. 52, made applicable by Fed.R.Bankr.P. 7052.[1]

## FINDINGS OF FACT

1. Debtor is a sewage utility company regulated by the South Carolina Public Service Commission and the South Carolina Department of Health and Environmental Control ("DHEC"). Debtor mainly operates in Richland and Lexington counties and provides services to both residents and commercial establishments.

2. Pursuant to the Clean Water Act and regulations promulgated under the Act, Debtor has been required through the years to close a number of its sewage treatment facilities and to interconnect with larger regional treatment facilities. One of the regional treatment facilities with which Debtor has contracted is operated by the City of Cayce.

3. Debtor filed for relief under Chapter 11 of the Bankruptcy Code on May 26, 1994.

4. On August 23, 1994, Debtor filed its first proposed Disclosure Statement and Plan of Reorganization.

5. On October 13, 1994, the City of Cayce filed an Objection to Plan of Reorganization; and, on October 28, 1994, Debtor filed its First Plan Modification. A Second Plan Modification was filed on November 7, 1994.

6. On February 1, 1995, the Confirmation Order, supplemented by an Attachment to Confirmation Order ("Attachment") which resolved the objections of the City of Cayce and DHEC, was entered; conforming the Plan filed August 23, 1994, as modified by the First Plan Modification and the Second Plan Modification.

7. The Attachment was the result of a negotiated agreement among Debtor, the City of Cayce, and DHEC. Section 6.03 of the Attachment provides that, for a period of two years not to extend beyond December 31, 1996, the City of Cayce would charge Debtor a measured treatment rate equal to the City of Cayce's "Inside Sewer Customer" rate. The Attachment went on to provide, under Section 6.06, that for a period of three years after the initial period, the City of Cayce would charge Debtor "150% (one hundred fifty percent) of the then current rate for an 'Inside Sewer Customer.'" The three-year period specified in Section 6.06 was not to extend beyond December 31, 1999. Finally, Section 6.08 of the Attachment provides:

> Following the three year period detailed in Section 6.06 above, the City of Cayce and the Reorganized Debtor will negotiate in good faith the terms of an agreement governing the rates to be charged for treatment of sewage waste water. If the parties are unable to reach an agreement in this regard, the issue of the sewage treatment rate and whether there is reasonable justification for the treatment rate to be increased from 150% of the Inside Sewer Customer rate shall be subject to binding arbitration between the parties. Such arbitration shall be governed by the rules and regulations of the American Arbitration Association. However, the decision by the arbitration panel governing the sewage treatment rate shall not extend beyond an additional five year period and in no event less than 150% of the Inside Sewer Customer rate unless the City of Cayce specifically agrees otherwise. These conditions are specific limitations on any arbitration, if such arbitration becomes necessary. Nothing in this paragraph obligates the City of Cayce in any manner whatsoever to allow additional sewer taps to be added to the system of the Reorganized Debtor or

---

1. The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

the City of Cayce other than the obligation of the City of Cayce to negotiate in good faith with the Reorganized Debtor pursuant to paragraph 6.07 above.

8. On September 22, 1995, Debtor filed its Application for final Decree, Final Report and Certification of Substantial Consummation. Debtor acknowledges that the Plan has been substantially consummated.

9. A Final Decree and Order Closing Case was entered on January 4, 1996.

10. The City of Cayce entered into a Wastewater Treatment Service Contract with Lexington County Joint Municipal Water and Sewer System on April 11, 1995 and with the Town of Lexington on June 20, 1996; pursuant to those agreements, the City of Cayce agreed to provide treatment services at rates below the 150% of the Inside Sewer Customer rate which it currently charges Debtor.

11. The City of Cayce and Debtor have not been able to negotiate a new wastewater treatment contract within the parameter of Section 6.08 of the Plan for the period commencing January 1, 2000 through November 31, 2004.

## CONCLUSIONS OF LAW

Debtor moves to reopen the case for the sole purpose of seeking relief from the terms of the Plan relating to the minimum rate to be charged to Debtor for treatment of wastewater. More specifically, Debtor seeks an amendment of the Confirmation Order of this Court pursuant to Fed. R.Civ.P. 60(b) which, among other grounds, permits relief when it is no longer equitable for the judgment to have prospective application or for any other reason a court deems appropriate. While Debtor is willing to proceed to arbitration with the City of Cayce on the issue of the new sewer treatment rate, it believes that it is not equitable that it be barred from seeking a rate lower than 150% of the Inside Sewer Customer rate and is precluded from taking such argument to arbitration until Section 6.08 of the Attachment to the Chapter 11 Plan is modified.

Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Courts have recognized that the decision concerning whether to reopen a bankruptcy case is solely within the discretion of the court and is binding on review unless there is a clear showing of abuse of discretion. *See e.g. Hawkins v. Landmark Fin. Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir.1984) ("We think that the discretionary view is the better one, and we adopt it as the rule in this circuit. The statute is phrased in permissive language, and we think that it would do violence to the statute either to say that a closed case must be reopened or that a closed case may never be reopened."); *Maryland Hotel Supply Co. v. Seats (In re Seats)*, 537 F.2d 1176, 1177–78 (4th Cir. 1976); *In re Paul*, 194 B.R. 381, 383 (Bankr.D.S.C.1995); *Bluefield Community Hosp. v. Smolarick (In re Smolarick)*, 56 B.R. 720, 722 (Bankr.W.D.Va.1986); *In re Beneficial Fin. Co.*, 18 B.R. 174, 175 (Bankr.E.D.Va.1982), *aff'd* 47 B.R. 358 (E.D.Va.1983). The decision to reopen a case depends of the particular facts of each case and "accords with the equitable nature of all bankruptcy court proceedings." *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir.1991). Among the factors that courts consider when making a determination under § 350(b) are the delay between the closing of the case and the motion to reopen as well as the prejudice that it would cause to nonmovant. *See, e.g., Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir.1962); *In re Paul*, 194 B.R. at 383. Furthermore, in order to prevail on a motion to reopen, movant must establish that the court has the authority to grant the underlying relief sought if the case were indeed reopened; otherwise, the reopening of the case would be senseless. *In re Pratt*, 165 B.R. 759, 760 (Bankr.D.Conn.1994).

In this case, Debtor seeks to reopen the case in order to seek relief from certain prospective provisions of the Confirmation Order pursuant to Fed.R.Civ.P. 60(b), made applicable in this proceeding by Fed.R.Bankr.P. 9024. Whether the Court has the authority to grant Debtor relief from the provision set forth in Section 6.08 of the Attachment pursuant to Fed.R.Civ.P. 60(b) is relevant to a determination of whether the case should be reopened. In order for the Motion to be granted, Debtor bears the burden to demonstrate that Fed.R.Civ.P. 60(b) may apply to the confirmation of a substantially consummated plan.[2] *See, e.g., Nissan Motor Acceptance corp. v. Daniels (In re Daniels)*, 163 B.R. 893, 895 (Bankr.S.D.Ga.1994) (citations omitted) ("The Bankruptcy Court allows a case to be reopened 'to administer assets, to accord relief to the debtor, or for other cause.' The burden of establishing cause is on the movant.").

■ The City of Cayce argues that § 1127(b) provides the exclusive means for modification of a plan of reorganization after its has been confirmed and that the equity power of § 105 cannot be exercised by courts to circumvent the provisions specified in § 1127(b). Section 1127(b) provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

By enacting § 1127(b), Congress intended to "safeguard the finality of plan confirmation." *See, e.g. Antiquities of Nevada, Inc. v. Bala Cynwyd Corp. (In re Antiquities of Nevada, Inc.)*, 173 B.R. 926, 928 (9th Cir. BAP 1994); 7 *Collier of Bankruptcy*, ¶ 1127.04 (15th ed. rev.1994).

■ Debtor acknowledges that § 1127 of the Bankruptcy Code governs modification of a plan of reorganization and further recognizes the finality of an order of confirmation. However, Debtor argues that § 1127 does not preclude a party from seeking relief under Fed.R.Civ.P. 60(b). The Court finds that while § 1127 does not specifically provide for modification after substantial consummation, nothing in § 1127 expressly prohibits a party from seeking relief from an order of confirmation pursuant to Fed.R.Civ.P. 60,[3] as made applicable by Fed.R.Bankr.Pro. 9024.[4]

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

**2.** "Substantial consummation" is defined in § 1101(2) which provides that a plan is substantially consummated if the following three requirements are met:

    (A) transfer of all or substantially all of the property proposed by the plan to be transferred;

    (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    (C) commencement of distribution under the plan.

In this case, the parties agree that the requirements set forth in § 1101(2) have been met and that the Chapter 11 plan has been substantially consummated.

**3.** Rule 60(b) provides relief from a final judgment, order of proceeding if one of the following grounds is established:

**4.** Fed.R.Bankr.P. 9024 provides in pertinent part:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (I) a motion to reopen

Courts have held that confirmation of a plan has the same effect as a final judgment by a court and that "equitable relief · from a confirmed plan is appropriate only if the same circumstances would warrant relief from a judgment." *In re Boroff,* 189 B.R. 53, 56 (D.Vt.1995). Thus, it follows that Fed.R.Civ.P. 60(b) is available to a party seeking relief from a confirmation order. *See, e.g. In re 401 East 89th Street Owners, Inc.,* 223 B.R. 75, 79 (Bankr. S.D.N.Y.1998) ("Notwithstanding the finality of an order of confirmation, it may be affected by relief granted under Fed. R.Civ.P. 60(b), for Fed.R.Bankr.P. 9024 makes Rule 60 applicable to bankruptcy cases"); *United States v. Poteet (In re Poteet),* 122 B.R. 616, 618 (Bankr.S.D.Ga. 1990) ("Rule 60(b) is a vehicle for affording relief to a party, or a party's legal representative, under the appropriate circumstances from the res judicata effect of an order of confirmation."); *In re Blanton Smith Corp.,* 81 B.R. 440, 443 (M.D.Tenn. 1987); *Astroglass Boat Co. v. Eldridge (In re Astroglass Boat Co.),* 32 B.R. 538, 543 (Bankr.M.D.Tenn.1983) (footnotes omitted) ("Once a confirmation order becomes final, the only remedy available is to have the order set aside pursuant to Rule 60 of the Federal Rules of Civil Procedure.").

Debtor cites *In re 401 East 89th Street Owners, Inc.* and *US v. Poteet Constr. Co. (In re Poteet Constr. Co.)* for the proposition that courts have held that Rule 60 is available to a party seeking relief from a confirmation order. *In re 401 East 89th Street Owners, Inc.,* 223 B.R. 75, 79 (Bankr.S.D.N.Y.1998); *In re Poteet,* 122 B.R. 616, 618 (Bankr.S.D.Ga.1990). While the cases Debtor cites stand for the general proposition that Rule 60(b) is available to relieve a party from the effects of an order of confirmation, they fail to address the primary issue that is now before the Court, that is, whether Rule 60(b) is avail-

able to circumvent the requirements of § 1127(b). However, other cases have briefly confronted the issue of whether, under certain circumstances, a court can consider modification of a substantially consummated plan under Fed.R.Civ.P. 60(b) or pursuant to an exception to § 1127(b). *See, e.g., Carter v. Peoples Bank & Trustee Co. (In re BNW, Inc.),* 201 B.R. 838 (Bankr.S.D.Ala.1996); *United States v. Bullion Hollow Enter., Inc. (In re Bullion Hollow Enter.),* 185 B.R. 726 (W.D.Va.1995).

In *In re BNW,* the court noted:

There are four possible avenues for setting aside a final confirmation order that parties have attempted to use in other reported cases: (1) revocation of the order under 11 U.S.C. § 1144; (2) modification of the plan under 11 U.S.C. § 1127(b); (3) relief from the order under Fed.R.Bankr.P. 9024; or (4) relief under § 105 of the Bankruptcy Code.

*Id.* at 844. The court ultimately concluded that none of the four alternatives provided the relief sought; in so doing, the court first analyzed whether modification could occur under § 1127(b) and held that debtor's confirmed plan was substantially consummated and could not be modified. However, the court's analysis did not stop there; rather, it continued with a determination under Fed.R.Civ.P. 60(b) and noted that although "[Rule 60(b)] has been used to grant relief from confirmation orders," the factual scenario in the case did not warrant relief under the standard of that Rule. While the court never held that Fed. R.Civ.P. 60(b) allows the modification of a substantially plan, such a conclusion was certainly implied by the fact that the court proceeded with an analysis under Fed. R.Civ.P. 60 after concluding that the plan was substantially consummated and, as a result, could not be modified pursuant to

a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b).

The language of Fed.R.Bankr.P. 9024 does not indicate an exception to applying Fed. R.Civ.P. 60(b) to a confirmed order.

§ 1127. *See also In re Bullion Hollow Enter.*, 185 B.R. at 729–30 (quoting *Matter of Savannah, Ltd.*, 162 B.R. 912, 915 (Bankr.S.D.Ga.1993)) ("Modification of a substantially consummated plan can be approved if its was filed in good faith and as a result of unforeseen changed circumstances. 'In order for a debtor to rely on changed circumstances, such circumstances must have been unknown at the time of the substantial consummation of the prior plan.' ").

Neither the Court nor counsel for the parties have found any reported decision in which a court held that Fed. R.Civ.P. 60(b) cannot be used to modify the terms of a substantially consummated plan in derogation of § 1127(b). Faced with no contrary authority, this Court is reluctant to hold that under no circumstances may a confirmation order be set aside for the purpose of modifying a substantially consummated plan. The Court also notes that the fact that the Attachment, and more specifically Section 6.08, were a result of an agreement between Debtor and the City of Cayce does not prohibit the Court's holding. The Supreme Court has addressed the latter issue and has emphasized:

> There is no suggestion in these cases that a consent decree is not subject to Rule 60(b). A consent decree no doubt embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules general applicable to other judgment and decrees.

*Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 379, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); *see also Wyatt v. King*, 811 F.Supp. 1533, 1538 (M.D.Ala. 1993). The Court concludes that there are exceptions to the finality rule of substantially consummated plans and that Fed. R.Civ.P. 60(b) may provide Debtor with relief from Section 6.08 of the Attachment.

Therefore, the Court shall order the reopening of the case to allow the parties to present evidence and arguments as to whether the facts warrant a modification of the Confirmation Order pursuant to Fed.R.Civ.P. 60(b)(5) or (b)(6). It is therefore.

**ORDERED** that Midlands Utility, Inc.'s Motion to Reopen Case is granted and a further hearing will be set by separate order or notice.